UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL R. HOMCHICK,

    Plaintiff,

  v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Case No.  C04-5639RJB

ORDER DENYING ALLSTATE'S MOTION FOR RECONSIDERATION

    This matter comes before the court on Defendant Allstate Insurance Company's Motion for Reconsideration (Dkt. 56). The court has reviewed all documents filed in support of the motion and has reviewed the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    The plaintiff, Daniel Homchick, was involved in an auto accident on December 16, 1995, with an uninsured motorist. Mr. Homchick had Underinsured Motorist (UIM) coverage with Allstate. Allstate opened an Underinsured motorist claim after the accident. Dkt. 28 at 3. On December 14, 1999, Allstate offered Mr. Homchick $7,500.00 to settle his claim. Dkt. 28 at 3. Mr. Homchick refused the offer. Dkt. 28-3, Exh. P at 11.

    On March 9, 2000, Mr. Homchick underwent shoulder surgery. Dkt. 28-3, Exh. I at 2. Mr. Homchick requested that his claim be arbitrated, and Allstate agreed. Dkt. 28-3, Exh. P, Q. The arbitration panel found causation and awarded Mr. Homchick $695,000. Dkt. 31-2 at 24, Dkt. 29-4 at 21. Mr. Homchick's Underinsured Motorist policy limit was $100,000.

ORDER - 1

1    Mr. Homchick filed suit against Allstate in state court, primarily alleging insurance bad
2  faith and violations of the Consumer Protection Act. Dkt. 1 at 8. The defendant removed the
3  action to this court on the basis of diversity jurisdiction. Dkt. 1 at 1.

4    The defendant moved for summary judgment, contending that there was no genuine
5  dispute of material facts supporting the plaintiff's bad faith and CPA claims. Dkt. 26 at 11-12.
6  This motion was originally noted for September 30, 2005. Dkt. 26. The defendant re-noted the
7  motion *ex parte* twice before a response was filed. Dkt. 33 (re-noted for October 21), 45 (re-
8  noted for October 28). Six days after the response was filed and one day before the reply was due,
9  the defendant filed another *ex parte* notice re-noting the motion. Dkt. 52 (re-noted for November
10 4). The defendant did not file a reply. The court noted that it was unclear at the time whether the
11 final notice re-noting the motion was justified or was merely an attempt to circumvent the Local
12 Rules and take more time to craft a reply to the response. The court therefore held that the notice
13 re-noting the motion would remain in the electronic file but would have no force or effect. Dkt.
14 53.
15

16    The court granted the motion for summary judgment in part, dismissing the claim that
17 Allstate failed to acknowledge and act upon communications in violation of WAC 284-30-330(2).
18 Dkt. 53 at 8. The court denied the motion with respect to the plaintiff's remaining claims. Dkt. 53
19 at 9.

20    On November 8, 2005, counsel for both parties filed a letter informing the court that
21 Allstate's attempts to re-note the motion for summary judgment had been made with the consent
22 of both parties. Dkt. 54. The court responded by letter that absent a motion for reconsideration,
23 the Order Granting in Part and Denying in Part Allstate's Motion for Summary Judgment (Dkt.
24 53) would remain in full force and effect. Dkt. 53.

25    Allstate now moves for reconsideration of the portions of the order that denied the motion
26 for summary judgment on the claim that Allstate failed to reasonably investigate Mr. Homchick's
27 claim and on the claim that Allstate failed to effectuate a prompt, fair, and equitable settlement.
28 Dkt. 56 at 1. The grounds for this motion are "evidence and legal authority that [Allstate] was

ORDER - 2

1 unable to bring the Court's attention before the Court entered its Order on Summary Judgment."

2 Dkt. 56 at 1.

### II. DISCUSSION

Local Rule CR 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Allstate is therefore required to demonstrate either manifest error or new facts and legal authority that it could not have presented in its motion for summary judgment with reasonable diligence.

**A. FAILURE TO PROMPTLY INVESTIGATE**

Allstate moved for summary judgment on Mr. Homchick's claim that the investigation of his claim was not reasonable and prompt. The court held that material issues of genuine fact precluded summary judgment. Specifically, the order states, "A reasonable juror could find that Allstate's failure to contact Mr. Homchick's doctors or to determine whether his injury was caused by the accident before offering Mr. Homchick over $1,000 less than what was recommended by Allstate's computer evaluation constituted a failure to conduct a reasonable investigation." Dkt. 53 at 6. Allstate contends that this statement constitutes manifest error because "Ms. Schubert, the Allstate Adjuster handling the UIM claim at the time, asked Dr. Rudd to complete a Medical Report that asked him to discuss the nature of Mr. Homchick's complaints and causation." Dkt. 56 at 2. Allstate's motion for summary judgment and accompanying declaration demonstrated that Allstate did seek a medical authorization and medical records. Dkt. 26 at 3-4, Dkt. 28 at 3. Allstate now contends that the attempt to obtain records was directed at Mr. Homchick's doctor and included an attempt to determine the cause of Mr. Homchick's injury. Dkt. 56 at 2. As evidence of this contention, Allstate offers a copy of a Loss Report Diary that states that a "CFO" letter was forwarded to Dr. Rudd on September 14, 1999; a CFO letter prototype; and an excerpt of the deposition of Susan Iverson taken on October 5, 2005. Dkt. 57-

ORDER - 3

2, at 1-2, 5. Therefore, while Allstate contends that the ruling constitutes manifest error, Allstate actually requests that the court consider additional factual evidence. Allstate does not demonstrate that this evidence could not have been brought to the court's attention with reasonable diligence, however. This information should have been presented in support of the motion for summary judgment.

Allstate's additional arguments with respect to the reasonableness of its investigation of Mr. Homchick's claim during this period are inapposite. Allstate contends that its contact with Mr. Homchick's doctors was not required to be telephonic in order to be reasonable, but the court's order did not require as much. *See* Dkt. 56 at 3. Allstate also contends that contacting Dr. Rudd telephonically would have proven fruitless because Dr. Rudd was not treating Mr. Homchick at the time. Dkt. 56 at 3. Whether Allstate's attempts at communicating with Mr. Homchick's doctors and other attempts at investigating Mr. Homchick's claim, when taken as a whole, are reasonable is a genuine dispute that should be resolved by a jury.

Allstate next contends that the court's holding that "[t]here is a genuine dispute of material fact as to whether sending requests for medical records that went unanswered constituted a reasonable and prompt investigation" constitutes manifest error. Dkt. 56 at 4. In support of its motion for reconsideration of this portion of the order, Allstate contends that counsel for the plaintiff offered to provide Allstate with the information it needed to investigate Mr. Homchick's claim and that Allstate directed its investigative efforts towards Mr. Homchick's attorney as a result. Dkt. 56 at 4. In support of this contention, Allstate offers two pieces of evidence that accompanied the original summary judgment motion: (1) a letter from Mr. Homchick's lawyer, Mr. Spencer, informing Allstate that he was representing Mr. Homchick and stating, "If I can provide you any additional information, please feel free to contact me at your convenience"; and (2) a letter from Allstate's counsel stating, "We will review any additional information that you provide to us." Dkt. 57-2 at 6-7, Dkt.28-3 at 4-5. Allstate contends that it is "absurd" to say that Allstate's reliance on Mr. Spencer's offer to provide additional information is unreasonable. Dkt. 56 at 4. This is an issue that should be resolved by a jury. A reasonably jury could find that Mr.

ORDER - 4

1  Spencer's offer to provide Allstate with additional information did not satisfy Allstate's duty to
2  investigate Mr. Homchick's claim and did not allow Allstate to merely wait for Mr. Spencer to
3  provide such information.
4      Furthermore, Allstate refutes Mr. Homchick's contention that medical releases rendered
5  Allstate's requests for medical records "unnecessary." Allstate contends that Mr. Homchick's
6  medical releases expired in December of 1999, citing RCW 70.02.030(6). Dkt. 56 at 4. Allstate
7  does not demonstrate that it could not have brought this additional legal authority to the court's
8  attention with due diligence. Nevertheless, this contention is outside the scope of this motion
9  because the issue of whether the medical releases were valid after December of 1999 was not part
10 of the court's ruling.
11     Finally, Allstate urges the court to reconsider the aspect of the order holding that "[a]
12 reasonable juror could conclude that Allstate's actions during this period were unreasonable and
13 frivolous and did not represent a good faith attempt to promptly assess Mr. Homchick's claims."
14 Dkt. 53 at 6-7. Allstate makes several contentions with respect to its discovery efforts but does
15 not address the two bases for the court's holding: (1) Allstate deposed only Mr. Homchick; and
16 (2) Allstate hired Dr. Billington, who had never spoken to or examined Mr. Homchick, to review
17 Mr. Homchick's medical records without calling him to testify at the arbitration proceeding. The
18 court refused to hold that Allstate's actions constituted good faith as a matter of law, and Allstate
19 has failed to persuade the court that this holding was a manifest error.
20
21     **B. FAILURE TO EFFECTUATE A PROMPT, FAIR, AND EQUITABLE SETTLEMENT**
22
23     Allstate also moves for reconsideration on the portion of the court's order holding that a
24 genuine dispute existed as to whether Allstate failed to effectuate a prompt, fair, and equitable
25 settlement, contending that it did not act in bad faith in failing to *increase* its initial settlement
26 offer. Dkt. 56 at 7. The court held that there was a genuine dispute of material fact as to whether
27 Allstate's initial attempt to settle Mr. Homchick's claim was reasonable because Allstate
28 inexplicably "offered less than the lowest settlement amount determined by the computer

ORDER - 5

evaluation. *See* Dkt. 26 at 15 ("Based on the available medical records and the limited treatment Mr. Homchick had received in 1996 and early 1997, Allstate offered $7500.00."), Dkt. 49 at 1 ("[T]he evaluation indicated a settlement range from $8,640 to $10,800.")." Dkt. 53 at 8. Having held that a genuine dispute of material fact existed as to whether the initial settlement offer represented a good faith effort to effectuate a fair settlement, the court did not explicitly address the reasonableness of Allstate's failure to increase an arguably unreasonable settlement offer. Allstate's reiteration that it made numerous discovery requests before the arbitration proceeding does not foreclose a finding that its attempts to settle Mr. Homchick's claim were unreasonable and does not demonstrate that the denial of summary judgment constituted a manifest error.

### III. ORDER

Therefore, it is now

**ORDERED** that Defendant Allstate Insurance Company's Motion for Reconsideration (Dkt. 56) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 22nd day of November, 2005.

          /s/ Robert J. Bryan
          Robert J. Bryan
          United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER - 7