UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL R. HOMCHICK,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Case No. C04-5639RJB

ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Production of Discovery Re: Expenses and Reserves. Dkt. 63. The Court has reviewed all documents filed in support of and in opposition to this Motion, has reviewed the entire file, and is fully advised.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Daniel Homchick, was involved in an auto accident on December 16, 1995, with an uninsured motorist. Mr. Homchick had Underinsured Motorist (UIM) coverage with Allstate. Allstate opened an Underinsured motorist claim after the accident. Dkt. 28 at 3. On December 14, 1999, Allstate offered Mr. Homchick $7,500.00 to settle his claim. Dkt. 28 at 3. Mr. Homchick refused the offer. Dkt. 28-3, Exh. P at 11.

On March 9, 2000, Mr. Homchick underwent shoulder surgery. Dkt. 28-3, Exh. I at 2. Mr. Homchick requested that his claim be arbitrated, and Allstate agreed. Dkt. 28-3, Exh. P, Q. The arbitration panel found causation and awarded Mr. Homchick $695,000. Dkt. 31-2 at 24, Dkt. 29-4 at 21. Mr. Homchick's Underinsured Motorist policy limit was $100,000.

ORDER - 1

Mr. Homchick filed suit against Allstate in state court, primarily alleging insurance bad faith and violations of the Consumer Protection Act. Dkt. 1 at 8. Defendant removed the action to this Court on the basis of diversity jurisdiction. Dkt. 1 at 1.

Defendant moved for summary judgment, contending that there was no genuine dispute of material facts supporting the Plaintiff's bad faith and CPA claims. Dkt. 26 at 11-12. The Court granted the motion for summary judgment in part, dismissing the claim that Allstate failed to acknowledge and act upon communications in violation of WAC 284-30-330(2). Dkt. 53 at 8. The Court denied the motion with respect to the Plaintiff's remaining claims. Dkt. 53 at 9.

## MOTION TO COMPEL

Plaintiff now moves the court to compel the Defendant to produce information concerning the expenses and the reserves Allstate set aside during the adjustment of Plaintiff's UIM claim. Dkt. 63. Plaintiff argues that under Federal Rule of Civil Procedure 26(b)(1) the reserves and expenses are relevant to his claims or are reasonably calculated to lead to the discovery of admissible evidence in that the amounts set aside may tend to show: 1) whether Allstate acted reasonably in making its initial offer of $7,500.00, 2) whether Allstate conducted a reasonable investigation in good faith 3) whether the Allstate investigation was adequate, 4) whether Allstate closed the file knowing what Mr. Homchick's probable damages were, 5) whether Allstate's state of mind was reasonable, 6) whether Allstate's refusal to negotiate in good faith was reasonable, 7) whether Allstate's failure to increase its settlement offer to Plaintiff was reasonable and justified, 8) expense information will reveal the resources Allstate would expend in contesting the UIM claim, while refusing to negotiate or to increase its offer of settlement, 9) whether Allstate compelled plaintiff to hire counsel at his expense, and 10) whether Allstate compelled Plaintiff to pursue arbitration by making an offer that is substantially less than the amount recovered. Dkt. 64, at 6-7.

According to Defendant and undisputed by Plaintiff, as noted on Defendant's privilege log: a) the documents related to the reserves are 1, 7, 22, and 80 (77 is a duplicate of 1) and b) the documents related to expenses Defendant incurred in handling the UIM claim include 20, 21,

ORDER - 2

30-36, 56, 57 and 160. Dkt. 66, at 3. Defendant argues that the amount it put in reserve for in this case is not relevant in determining liability or even the value of the claim. *Id.* at 5-8. Defendant notes that reserves are required by statute. *Id.* at 5. Defendant objects to producing reserve information dated after the arbitration award (specifically items number 21 and 22.) *Id.* at 9. Defendant argues that its expenses in this matter have no relevance regarding any claim, or defense and are not likely to lead to discoverable information. *Id.*

Plaintiff, in his reply, does not specifically dispute Defendant's objection regarding items number 21 and 22. Dkt. 68. Plaintiff argues again the information regarding both the reserve and expenses are relevant. *Id.*

## II. DISCUSSION

Fed.R.Civ.P. 26(b)(1) provides:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

### RESERVES

Based on the parties briefings, the following documents appear to be in contention regarding reserves: 1, 7, 22, and 80 (77 is a duplicate of 1). Because item 22 is dated after the arbitration, and Plaintiff's claims deal with defendant's actions before the arbitration, item 22 is not relevant or "reasonably calculated to lead to the discovery of admissible evidence."

"The main purpose of a loss reserve is to comply with statutory requirements, and to reflect, as accurately as possible, the insured's potential liability." *Silva v. Basin Western, Inc.,* 47 P.3d 1184, 1189 (Colo. 2002). Information regarding reserves is subject to the same test for discoverability as any other matter. *Id.* In this case, Plaintiff has demonstrated that information regarding reserves in this matter appears to be "reasonably calculated to lead to the discovery of admissible evidence."

ORDER - 3

## EXPENSES

Information regarding expenses in this matter does not appear to be relevant to any parties' claim or defense and do not appear to be "reasonably calculated to lead to the discovery of admissible evidence." Plaintiff points to no legal authority supporting the notion that a bad faith claim, or any of his claims, could be based upon the proportionate amount of expenses incurred by the insurer versus settlement monies offered. Moreover, Plaintiff has failed to point out how Defendant's expenses in this matter appear to be reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel information regarding Defendant's expenses should be denied.

## III. ORDER

Therefore, it is now

**ORDERED** that Plaintiff's Motion to Compel Production of Discovery Re: Expenses and Reserves (Dkt. 63) is **GRANTED as to the information regarding reserves (items 1, 7, and 80 on the privilege log) and is DENIED as to the information regarding expenses**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 18th day of January, 2006.

Robert J. Bryan
United States District Judge

ORDER - 4